THE STATE OF OHIO, APPELLEE, *v.* FINNEGAN, APPELLANT.

(No. C-820149—Decided February 2, 1983.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Gary R. Lewis,* for appellee.

*Mr. James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On December 17, 1981, an employee of the city of Cincinnati was operating a municipally owned truck assigned to the municipal garage. As he was returning to the garage from a service call to a district fire station, he parked the vehicle in the parking lot of a restaurant at approximately 2:30 a.m. in order to pick up food to take to the garage for himself and a co-worker who remained at the garage. While he was in the restaurant he noticed that someone had opened the door to the truck. The employee returned to the truck and confronted the defendant who was standing on the ground but, according to the testimony of the driver, had his body bent forward so that part of his body and hands were within the area which would be considered as the driver's compartment if the door were closed. The city employee took the defendant into the restaurant and summoned police who arrested the defendant on a charge of violating R.C. 2911.21, criminal trespass. The defendant did not demand a jury and after trial to the court was found guilty and sentenced as appears of record. In his appeal the defendant presents two assignments of error for the consideration of this court.

The first assignment of error contends, primarily, that a motor vehicle is not included within the meaning of the words "land or premises" as they are used in R.C. 2911.21, and, secondarily, that his conduct did not constitute "entering" as that verb is used in the same section of the Revised Code. We find the first assignment of error to have merit. The complaint forming the procedural fundament for the prosecution of defendant for commission of this fourth degree misdemeanor states, in its pertinent part, that the defendant "without privilege to do so, did knowingly enter on the premises, the premises the use of which was lawfully restricted to certain persons and Mark Finnegan knew he was in violation of such restriction of Robert Moss located at 354 Ludlow Avenue contrary to and in violation of Section 2911.21 of the Revised Code of Ohio." It is manifest that his action was specifically prosecuted under R.C. 2911.21(A)(2), and a conviction under the facts *sub judice* must depend upon the definition of "premises" sufficiently broad enough to include a motor vehicle. The defendant was charged with trespassing on the premises of another and therefore the statutory definition of "land or premises" is of little aid in the determination of the definition of "premises" only. Dictionaries rarely, if ever, define the word "premises" so as to include personal property. See Webster's New International Dictionary of the English Language (2 Ed. 1953); Black's Law Dictionary (Rev. 4 Ed. 1968). It is interesting to note that Webster's states that "premises" is sometimes *loosely* applied to personal property such as a vessel. The "loose" application of "premises" cannot be countenanced here where a strict construction against the state is mandated. R.C. 2901.04. The foregoing reasoning is reinforced by the availability of at least one other criminal statute which would seem to cover the actions giving rise to this case, *e.g.,* R.C. 2909.07(A)(1). Although appellant framed his first assignment of error, in its primary thrust, as a proposition of law, we conclude that it would be more appropriate and accurate to reframe it as an assignment of error that the judgment of the trial court was contrary to law and, as so reframed, we find the first assignment of error well-taken.

The second assignment of error is that the conviction of defendant is against the manifest weight of the evidence. We

have considered this assignment of error and conclude that it has been mooted by virtue of our decision relative to the first assignment of error.

The first assignment of error having been well made, the judgment of the trial court is reversed and the defendant is discharged.

*Judgment reversed.*

SHANNON, P.J., PALMER and KLUS-MEIER, JJ., concur.