OPINION
{¶ 1} Defendant-appellant, Juan McLavin, appeals his conviction in Fayette County Court of Common Pleas for possession of cocaine.
 {¶ 2} The drug possession charge against appellant was the result of an investigation in which law enforcement received information that appellant and a woman would be "dropping off" some illegal drugs in a certain area and some drugs would remain with them after the drop. *Page 2 
 {¶ 3} Police officials observed appellant stop his vehicle in the area where they were informed the drop would take place. The vehicle matched the general description they were provided. A female was sitting in the front passenger seat of appellant's vehicle. Police witnessed an individual exit a house, walk over to appellant's vehicle for a brief time, and return to the dwelling.
 {¶ 4} After appellant drove away from the scene, police, aware that appellant did not have a valid operator's license, instituted a stop of appellant's vehicle. An officer testified that he activated his lights and sirens, and appellant pulled his vehicle to the berm of the interstate, but continued slowly down the berm for some distance. The officer said he saw appellant "fidgeting" and at one point appellant bent down to the floorboard of the vehicle.
 {¶ 5} After the stop, a police canine trained to detect drugs alerted to both the driver and passenger doors of appellant's vehicle, and alerted to the doors of the two police cruisers where appellant and the passenger were sitting. A search of appellant revealed no drugs, but the female passenger told police she had cocaine on her. She produced cocaine from her pants during a subsequent search.
 {¶ 6} The female passenger initially told police that appellant responded to the police stop by handing her the cocaine and telling her to put the drugs in her pants. The passenger refused to give a written statement.
 {¶ 7} The female passenger was convicted of a drug possession charge in connection with this incident before appellant's trial. The passenger testified at appellant's trial that appellant did not hand her the cocaine, that she was carrying it in her purse for her future use after her baby was born, and that she placed it in her clothing when police stopped them. She acknowledged that she initially told police that appellant had the cocaine and told her to conceal it, but she testified that she made that statement because she was afraid, as she was nearly nine months pregnant and did not want to go to jail. *Page 3 
 {¶ 8} Appellant was found guilty by a jury of possession of cocaine. He presents two assignments of error for this court's review.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 11} Crim.R. 29 provides that a court shall order the entry of judgment of acquittal if the evidence is insufficient to sustain a conviction for such an offense. The review of a court's denial of a motion for acquittal under Crim.R. 29 is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. State v. Haney, Clermont App. No. CA2005-07-068,2006-Ohio-3899, ¶ 14. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 34; State v. Prater, Butler App. No. CA2006-01-107,2006-Ohio-7028, ¶ 14.
 {¶ 12} R.C. 2925.11(A) states that: "No person shall knowingly obtain, possess, or use a controlled substance." See, also, R.C. 2925.11(C)(4) (when substance is cocaine).
 {¶ 13} Reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of possession of cocaine beyond a reasonable doubt.
 {¶ 14} After police observed activities that verified the information provided to them, they attempted to stop appellant's vehicle. Appellant did not immediately stop, taking the time to make furtive movements inside the car. The police canine at the scene alerted to two of the areas where appellant was sitting. And, finally, appellant's female passenger told police that appellant had the cocaine and told her to place it in her pants, as police tried to *Page 4 
stop them.
 {¶ 15} Accordingly, the trial court did not err in overruling appellant's Crim.R. 29 motion, and his first assignment of error is overruled.
 {¶ 16} Appellant's second assignment of error challenges the trial court's decision to omit his requested jury instruction for the definition of "possession."
 {¶ 17} It is well-settled that a criminal defendant is entitled to complete jury instructions on all issues raised by the evidence.State v. Williford (1990), 49 Ohio St.3d 247, 251.
 {¶ 18} In reviewing a trial court's decision on jury instructions, an appellate court's role is to ascertain whether the trial court abused its discretion in refusing to give a proposed instruction and, if so, whether that refusal was prejudicial. State v. Glossip, Warren App. No. CA2006-04-040, 2007-Ohio-2066, ¶ 40; Wilson v. United Fellowship Club ofBarberton, Summit App. No. 23241, 2007-Ohio-2089, ¶ 8. The court possesses the discretion to use its own language to communicate the same principles in language it deems proper. State v. Shepard, Franklin App. No. 07AP-223, 2007-Ohio-5405, ¶ 7.
 {¶ 19} The instruction requested by appellant involved the definition of "possession" contained in R.C. 2925.01, and that language is also a portion of the jury instruction from Ohio Jury Instructions ("OJI") for drug offenses. R.C. 2925.01(K) states: "Possess or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 20} The language requested by appellant in the case at bar may be appropriate in a case in which the state is attempting to prove constructive possession through ownership of a premises alone. However, the drugs in the case at bar were not found in a house, or even in the motor vehicle. The cocaine was located in the clothing of the female passenger. See State v. Brittman, Franklin App. No. 93-AP-1005 ("premises" in statute would not apply to *Page 5 
motor vehicle), citing State v. Finnegan (1983), 8 Ohio App.3d 432, 433
("premises" refers only to real property and is not often defined to include personal property). The jury instructions given in this case required the prosecution to show that appellant controlled the drugs or placed them where they were accessible to his use and direction.
 {¶ 21} This is not to imply that an instruction that mere access to an object would not be applicable under appropriate circumstances. We simply cannot find that the trial court erred in refusing to give the instruction requested under the facts as presented in the instant case. Appellant's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1