[Cite as *State v. Gilbert*, 2020-Ohio-1641.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2019-CA-64 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-497 |
| | : | |
| MICHAEL SERGIO GILBERT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of April, 2020.

. . . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Assistant Prosecuting Attorney, City of Springfield Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellant

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
     Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} The State of Ohio appeals from the trial court's order granting a Crim.R. 29 motion for judgment of acquittal at the end of the State's case during a jury trial for criminal trespass.

**Facts and Course of Proceedings**

{¶ 2} Appellee, Michael Sergio Gilbert, was charged with criminal trespass in violation of R.C. 2911.21(A)(3) and resisting arrest in violation of R.C. 2921.33(A). Prior to trial, the court granted the State's motion to amend the criminal trespass complaint to allege a violation of R.C. 2911.21(A)(4). After the court entered a judgment of acquittal, the State sought leave to appeal the underlying legal issue: whether the trial court erred when it held that a person may be not be lawfully convicted of criminal trespass under R.C. 2911.21(A)(4) for refusing to leave a public transit bus. We granted the State's motion for leave to appeal.

{¶ 3} The jury trial commenced on August 15, 2019, in Springfield Municipal Court. The State called two witnesses, who provided the following testimony. On February 14, 2019, Springfield bus driver Gary Ferryman picked up Gilbert and his service dog at the City of Springfield bus center. There was one other passenger on the bus. Tr. 12-13. Prior to Gilbert getting on the bus, and consistent with his routine, Ferryman had activated the kneeling function of the bus, which lowered the right side of the bus to make it easier for people to get on. Tr. 13.

{¶ 4} Gilbert and his dog entered the bus while it was in the lowered position, and Gilbert paid the fare. Consistent with his routine, Ferryman raised the bus as soon as he closed the doors. Tr. 9, 13. Then Gilbert told Ferryman not to raise the bus until he and his dog were seated and he had his dog under control. Ferryman told Gilbert it was just

the normal operation of the bus. Tr. 13.

{¶ 5} Gilbert started arguing and yelling at Ferryman, telling him to wait until he was seated before he raised the bus. Tr. 13. Ferryman was seated when the argument started. However, after Gilbert approached him from behind, Ferryman stood up and faced Gilbert; Ferryman found Gilbert screaming so close to him that Ferryman could feel Gilbert's breath and saliva on his face as they argued. Tr. 25-26. Ferryman was concerned for his safety. Tr. 26.

{¶ 6} Ferryman told Gilbert to sit down at least ten times, but Gilbert refused. Ferryman told Gilbert that the bus could not proceed until Gilbert sat down, to no avail. Tr. 14. After lots of yelling and screaming back and forth, Ferryman told Gilbert that he had two options: either sit down or get off the bus. Gilbert told Ferryman that he would not get off the bus and would not sit down until Ferryman got a supervisor. Tr. 14, 26.

{¶ 7} As far as Ferryman knew, there was no supervisor available, so he called dispatch to say that he was going to be late because Gilbert would not sit down or get off the bus. Gilbert was standing next to the radio receiver. The dispatcher said over the radio that Ferryman should tell the passenger to either sit down or get off the bus, or they would have to call the police. Tr. 15. Instead of sitting down, Gilbert turned, did an about face, and leaned up against the windshield forward of the yellow line on the floor, which designated an area where passengers are not allowed to stand. Tr. 15. When the police arrived, Gilbert was still standing on the bus.

{¶ 8} When they arrived, Officer Alec Sears and his partner observed Gilbert standing inside the bus on one of the steps leading up into the bus. He would not move. Tr. 30. Gilbert told Sears that he felt he had been disrespected by the bus driver.

Ferryman told Sears that Gilbert would not sit down or step off the bus. Tr. 30. Sears asked Gilbert how they could resolve the situation. Gilbert told him that he wanted a supervisor. Sears told him that one was not available so Gilbert needed to either sit down or get off the bus. Tr. 31. Sears and Gilbert went back and forth, with Sears continuing to ask Gilbert to abide by one of the options, and Gilbert refusing. Gilbert was speaking loudly, argumentative, and yelling at Sears. Tr. 34. Gilbert was agitated, emotional, and frustrated. Tr. 35. Eventually, Sears ordered Gilbert to either sit down or get off the bus or he would be arrested. Tr. 31-32. Again, Gilbert refused. Tr. 32.

{¶ 9} Sears told Gilbert that he would be physically removed from the bus. As Sears and his partner placed hands on Gilbert, he physically resisted by moving his arms and pulling away while the officers struggled to handcuff him. Gilbert was arrested for criminal trespass and resisting arrest. Tr. 32-33.

{¶ 10} Prior to booking Gilbert, the officers assisted with finding accommodations for Gilbert's dog. After being handcuffed and removed from the bus, Gilbert was calm and conversational. Tr. 34.

{¶ 11} At the close of the State's case, Gilbert's counsel moved for acquittal under Crim.R. 29. He argued that a person could not be charged with criminal trespass under the circumstances presented in this case because a motor vehicle does not fall within the definition of "land or premises" for purposes of criminal trespass, and that that if the criminal trespass arrest was not valid, then the resisting arrest charge also failed. Directed Verdict Tr. ("DV Tr.") 3. In response, the State argued that R.C. 2911.21(F)(2) says that "land or premises includes any land, building, structure, or place," that a bus is a "place," and therefore that the law and facts supported a finding of criminal trespass. DV Tr. 5.

**{¶ 12}** In granting the motion for acquittal, the trial court stated:

[Defense Counsel], I'll disagree with you on one point. It's not cut and dry or the Court wouldn't have spent the last 65 minutes researching the issue. However, I have found no case that expands the definition of land or premises to include a motor vehicle. In addition to *Finnegan* which you have cited, I have located *State v. McLavin*, 2007 WL 3054322 wherein the Court held that "premises in the statute would not apply to a motor vehicle. Premises refers only to real property and it's not often defined to include personal property." *State v. Brittman*, 1994 WL 41308, "premises is not often defined to include personal property. The Random House dictionary of the English language defines premises as 'a tract of land, including its buildings; a building together with its grounds or other appurtenances: the property forming the subject of a conveyance or a bequest' . . . In statutory construction, words are generally given their ordinary meaning. We presume that the legislature intended its ordinary meaning, and since personal property is generally not a meaning applied to premises, a vehicle is not included within its meaning."

For those reasons, the Court has no choice but to grant the Rule 29 Motion with regard to the criminal trespass charge. * * *

DV Tr. 8-9.

**{¶ 13}** The Court then explained that "[b]ecause the arrest for criminal trespass can't stand, neither can the jury make a finding that the arrest was lawful. For those reasons, the Court has no choice but to grant the Rule 29 Motion for judgment of acquittal

with regard to both charges." DV Tr. 10. The trial court's entries contained in the case file jacket also stated that the Crim.R. 29 motion for judgment of acquittal was granted and that Gilbert was discharged.

**Analysis of Assignment of Error**

{¶ 14} On appeal, the State challenges only the trial court's dismissal of the criminal trespass charge. Its single assignment of error states:

> The trial court erred in granting Appellee's Criminal Rule 29 Motion for Judgment of Acquittal by finding that the Criminal Trespass Statute in R.C. 2911.21 does not apply to vehicles, including modes of public transportation or vehicles on public roadways and areas open to the public.

Therefore, our analysis will only address the dismissal of the criminal trespass charge.

{¶ 15} R.C. 2911.21 provides in pertinent part that:

(A) No person, without privilege to do so, shall do any of the following:

* * *

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either.

(B) It is no defense to a charge under this section that the land or premises involved was owned, controlled, or in custody of a public agency.

* * *

(F) As used in this section:

* * *

(2) "Land or premises" includes any land, building, structure, **or place**

belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof.

(Emphasis added.)

{¶ 16} The trial court primarily relied on a 1983 case from the First Appellate District, *State v. Finnegan*, 8 Ohio App.3d 432, 457 N.E.2d 900 (Feb. 2, 1983). In that case, the defendant was charged with trespassing in a truck owned by the city. The First District held that the definition of "premises" was not sufficiently broad to include motor vehicles. It stated:

* * * It is manifest that his action was specifically prosecuted under R.C. 2911.21(A)(2), and a conviction under the facts *sub judice* must depend upon [whether] the definition of "premises" [is] sufficiently broad * * * to include a motor vehicle. The defendant was charged with trespassing on the premises of another and therefore the statutory definition of "land or premises" is of little aid in the determination of the definition of "premises" only. Dictionaries rarely, if ever, define the word "premises" so as to include personal property. See Webster's New International Dictionary of the English Language (2 Ed.1953); Black's Law Dictionary (Rev. 4 Ed.1968). It is interesting to note that Webster's states that "premises" is sometimes *loosely* applied to personal property such as a vessel. The "loose" application of "premises" cannot be countenanced here where a strict construction against the state is mandated. R.C. 2901.04. The foregoing reasoning is reinforced by the availability of at least one other criminal statute which would seem to cover the actions giving rise to this case, *e.g.,*

R.C. 2909.07(A)(1). * * *

(Emphasis sic.) *Id.* at 433.

{¶ 17} The cases other than *Finnegan* relied upon by the trial court and cited by Gilbert involved courts citing *Finnegan* while interpreting whether motor vehicles were "premises" in drug cases. *See State v. Brittman*, 10th Dist. Franklin No. 93AP-1005, 1994 WL 41308 (Feb. 10, 1994); *State v. McLavin*, 12th Dist. Fayette No. 2006-11-044, 2007-Ohio-5633. Both of these cases discussed the fact that possession means having control over a thing or substance (in those cases, drugs), but that possession could not be inferred solely from access to the drugs through ownership or occupation of the premises upon which the drugs were found. These cases have no application to our statutory analysis.

{¶ 18} Moreover, in its analysis, the *Finnegan* court did not address the import of the word "place" as part of the definition of premises. When we focus on the definition of premises as set forth in R.C. 2911.21(F)(2), we conclude that the statutory definition of premises does include motor vehicles. Therefore, the trial court erred.

{¶ 19} "Place" is not defined by the Revised Code, so its common, everyday meaning must be considered. *State v. Jones*, Ohio Slip Opinion No. 2019-Ohio-5159, __ N.E.3d __, ¶ 29. In *Jones*, the Supreme Court of Ohio cited R.C. 1.42, which provides that words and phrases shall be read in context and construed according to the rules of grammar and common usage.

{¶ 20} *Miriam Webster's Dictionary* defines "place" to include, among other things, "physical environment," "a way for admission or transit," "physical surroundings," "a building or locality used for a special purpose," as in a place of learning or a fine eating

place, and "an available seat or accommodation." Synonyms include "location, locus, point, position, site, spot, venue." Merriam-Webster Dictionary, "Place," www.merriam-webster.com/dictionary/place (accessed March 24, 2020).

{¶ 21} The guidance Comments to the Revised Code section related to criminal trespass state that "the section defines 'land or premises' in a broad sense." Likewise, the Ohio Attorney General has opined that a "public place" includes a person in a vehicle located on a public roadway for the purposes of illegal underage possession of alcohol under R.C. 4301.632. (Statute repealed 10-11-2002). 1988 Ohio Atty.Gen.Ops. No. 88-061, at 2-310.

{¶ 22} Finally, in defining "premises" for criminal trespass purposes, at least one state legislature has specifically listed non-traditional locations to which the statute applies and has included motor vehicles. *See State v. Joseph*, 195 Wash.App. 737, 381 P.3d 187, ¶ 8 (construing whether second degree criminal trespass applied to a vehicle under the definition of "building" codified at RCW 9A.04.110(5), which specifically includes a "vehicle," as well as "fenced area," "railway car," and "cargo carrier"). The Ohio legislature chose the word "place," which is even more expansive.

## Conclusion

{¶ 23} For these reasons, we decline to follow the decision of the First District in *Finnegan,* 8 Ohio App.3d 432, 457 N.E.2d 900. In our view, the reasonable and ordinary interpretation of the word "place," as used in the definition of "land or premises" for purposes of criminal trespassing, includes a vehicle. We recognize that our decision is in conflict with *Finnegan*, which focused only on the term "premises" without regard to the fact that the definition of "land or premises" includes a "place" belonging to or

controlled by another.

{¶ 24} The State's assignment of error is sustained. We conclude that the trial court erred in granting Gilbert's motion for a judgment of acquittal regarding the criminal trespass charge on the basis that a public bus is not a "place" under the statutory definition of the offense. Nevertheless, this determination does not adversely affect the judgment of acquittal, because Gilbert cannot be twice placed in jeopardy. *State v. Bistricky,* 51 Ohio St. 3d 157, 159, 555 N.E.2d 644 (1990); *State v. Rac*, 2019-Ohio-893, 124 N.E.3d 878, ¶ 40 (2d Dist.).

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Marc T. Ross
Gary C. Schaengold
Hon. Denise L. Moody